Aaron C. Huber (#026273)
ahuber@huberbarney.com
Bryan W. Barney (#027270)
bbarney@huberbarney.com
**HUBER BARNEY & ARNOLD PLLC**
4915 East Baseline Road, Ste. 105
Gilbert, AZ  85234

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| ARCUS EQUITY II, LLC, an Arizona limited liability company, | |
| Plaintiff, | COMPLAINT |
| v. | |
| MISSION CAPITAL ADVISORS, LLC, a Florida limited liability company; COMERICA BANK, a Texas banking association, | Case No. _____ |
| | Judge: _____ |
| Defendants. | |

Plaintiff ARCUS Equity II, LLC, an Arizona limited liability company, complains against the Defendants Mission Capital Advisors, LLC, a Florida limited liability company, and Comerica Bank, a Texas banking association, as follows:

**PARTIES**

1.   ARCUS Equity II, LLC, is an Arizona limited liability company ("ARCUS") with its principal place of business in Maricopa County, Arizona.

2.   Mission Capital Advisors, LLC, is a Florida limited liability company ("MCA") located in West Palm Beach, Florida, with offices in New York, NY, Austin, TX, Newport Beach, CA, and Palm Beach Gardens, FL.

3.   COMERICA Bank is a Texas banking association located in Dallas, Texas, with offices in multiple states, including the State of Arizona ("COMERICA").

4.   Defendants MCA and COMERICA may be collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

5.   This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the litigants are citizens of different states and the amount in controversy exceeds $75,000.

6.   This court has venue of this action pursuant to 28 U.S.C. § 1391(a).

## GENERAL FACTS & ALLEGATIONS

7.   During November, 2010, COMERICA was offering a "$33.9 Million Commercial Loan Portfolio Sale" (the "Loan Sale") by and through MCA, which had been hired by COMERICA as its "exclusive Loan Sale Advisor."  See, MCA "Loan Sale Overview," attached hereto as **Exhibit "A"** and incorporated herein by reference.

8.   On or about November 9, 2010, ARCUS and MCA began discussions and negotiations regarding a potential purchase by ARCUS, as the Buyer, of a portion of the Loan Sale known as Bee Canyon, LLC (the "Bee Canyon Asset") from COMERICA, as the Seller (the "Purchase").

9.   On December 1, 2010, Kent Kleiner ("Kleiner"), on behalf of ARCUS, and Peter Tobin ("Tobin"), on behalf of MCA/COMERICA, flushed out the details of the Purchase. These written communications between Kleiner and Tobin are attached hereto as **Exhibit "B"** and incorporated herein by reference.

10.   Later that day, ARCUS, received an emailed communication from Peter Tobin, on behalf of MCA/COMERICA stating:

2

> "Kent, Mission Capital is please to award you the following asset from the COMERICA Bank 4Q2010 loan sale: Bee Canyon, LLC - $1,200,000…."

The communication from Tobin went on to state that ARCUS needed to accept the award of the Bee Canyon Asset and wire a ten percent (10%) non-refundable deposit to MCA/COMERICA by December 3, 2010 (the "Earnest Money").  A copy of this communication is attached hereto as **Exhibit "C"** and incorporated herein by reference.

11. On December 2, 2010 at approximately 5:08 p.m. (Arizona Time), ARCUS accepted the MCA/COMERICA award of the Bee Canyon Asset and confirmed that it would wire the ten percent (10%) Earnest Money the following day. A copy of this written communication is attached hereto as **Exhibit "D"** and incorporated herein by reference.

12. At this time, ARCUS also executed, signed, and delivered COMERICA's Loan Sale Agreement (the "Agreement") to MCA/ARCUS. The Loan Sale Agreement is attached hereto as **Exhibit "E"** and incorporated herein by reference.

13. On December 3, 2010, ARCUS wired its ten percent (10%) Earnest Money to MCA/COMERICA. A copy of the Earnest Money wire from ARCUS to MCA/ARCUS is attached hereto as **Exhibit "F"** and incorporated herein by reference.

14. On December 8, 2010, ARCUS initiated a wire transfer to MCA/COMERICA for the balance of the Purchase price for the Bee Canyon Asset. A copy of the wire containing the balance of the Purchase price for the Bee Canyon Asset is attached hereto as **Exhibit "G"** and incorporated herein by reference.

15. That same day, December 8, 2010, Tobin left a voicemail message for ARCUS stating that "COMERICA has a bit of an issue with [the Bee Canyon Asset]."

3

16. After exchanging several voicemail messages, Tobin emailed ARCUS stating, "COMERICA has advised me that the Cut Off Date you filled in the agreement you executed does not work for them and therefore they will not counter execute the agreement you sent." A copy of this written communication is attached hereto as **Exhibit "H"** and incorporated herein by reference.

17. On December 9, 2010, the following day, ARCUS emailed Tobin and provided the email chain of communication, including the elements of offer and acceptance of the purchase, and expressing that ARCUS did not have an issue with the cut-off date. **See, Exhibits B-C.**

18. That same day, in response to the email message from ARCUS, as set forth above, Tobin responded to ARCUS by stating that "I [Tobin] probably should have run that date by the bank prior to suggesting it would work." ARCUS replied back to Tobin by asking if COMERICA had signed the Agreement and/or if they were backing out of the deal. A copy of these written communications is attached hereto as **Exhibit "I"** and incorporated herein by reference.

19. That same day, in response to the email messages set forth above, Tobin replied by stating that COMERICA had not signed the Agreement. A copy of this written communication is attached hereto as **Exhibit "J"** and incorporated herein by reference.

20. On or about December 14, 2010, ARCUS spoke with Tobin on the telephone. Tobin stated that COMERICA was cancelling "the deal" and would be returning the ARCUS Earnest Money that had been wired. Later that day, the Earnest Money and the balance of the Purchase price were returned to ARCUS.

21.     During the same telephone conversation, as set forth above, Tobin suggested that a "break-up fee" be paid by MCA/COMERICA to ARCUS. Tobin suggested some possible fee amounts.

22.     After the telephone conversation, as set forth above, ARCUS attempted to reach MCA/COMERICA for several weeks with no response.

23.     On or about January 18, 2011, representatives of MCA/COMERICA and ARCUS participated in a telephone conference. During this telephone conference, ARCUS expressed its desire and willingness to move forward with the Purchase, but MCA/COMERICA stated that it had already worked something else out and could not sell to ARCUS.

24.     Since January 2011, ARCUS has made numerous attempts to contact MCA/COMERICA and MCA in an attempt to find a reasonable resolution to COMERICA's decision not to move forward with the Purchase; MCA/COMERICA have not responded to ARCUS's attempts to contact it to discuss a resolution.

## CAUSE OF ACTION
(Breach of Contract against COMMERCIA and MCA)

ARCUS incorporates by reference the foregoing allegations above as if fully set forth herein.

25.     MCA/COMERICA and ARCUS, entered into a contract whereby ARCUS obtained the right for the Purchase of the loan portfolio.

26.     The Earnest Money and balance of the Purchase price tendered by ARCUS to MCA/COMERICA were fair and reasonable consideration for the contract.

27. ARCUS has performed all conditions, covenants, and promises required of it by the contract.

28. MCA/COMERICA has breached the contract and violated its covenant of good faith and fair dealing.

29. ARCUS has been damaged by MCA/COMERICA's breach of the contract and violation of the covenant of good faith and fair dealing.

30. ARCUS is entitled to a judgment in its favor and against MCA/COMERICA for the breach of contract, including actual and consequential damages in an amount to be determined at trial, including interest, attorney fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, based upon the facts and allegations set forth above, ARCUS prays for the following relief:

1. Under the Cause of Action, judgment against the Defendants, MCA/COMERICA, jointly and severally, in a precise amount to be proven at trial, but in no event less than $4,408,335.76.

2. Under the Cause of Action, judgment against the Defendants, MCA/COMERICA, jointly and severally, for attorney fees and the costs of this litigation.

DATED this 21st day of July, 2011.

                                          s/Aaron C. Huber
                                          Aaron C. Huber
                                          Bryan W. Barney
                                          **HUBER BARNEY & ARNOLD PLLC**